# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID M. SNIDER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. |
| | ) CV-12-K-3508-S |
| UNITED STATES STEEL, | ) |
| | ) |
| DEFENDANT. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

/s/ Kimberly R. Dodson
Kimberly R. Dodson; ASB-0487-L58D
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
LAW OFFICES OF KIMBERLY R. DODSON, LLC
200 Title Building
300 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
(205) 252-2500
KRD@KDODSONLAW.COM

# **TABLE OF CONTENTS**

I. FACTUAL AVERMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A. Plaintiff Has Properly Stated Facts to Show Evidence of Discrimination to Prove a Prima Facie Case . . . . . . . . . . . . . . . . . . . . . 6

    B. Plaintiff's Amended Complaint Sets Out Claims for Which Relief Can be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C. The Plaintiff has Properly Plead Separate Claims Under the ADA Amendments Act of 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III. STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    A. Motion to Dismiss Standard of Review . . . . . . . . . . . . . . . . . . . . . . . 11

    B. Summary Judgment Standard of Review In Title VII Cases . . . . . . . 13

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID M. SNIDER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. |
| | ) CV-12-K-3508-S |
| UNITED STATES STEEL, | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Comes now the Plaintiff, in the above styled cause, and in response to Defendant's Motion to Dismiss the Complaint Or, in the Alternative, for Summary Judgment ("Brief") says as follows:

1. On August 11, 2010, Plaintiff filed a Charge of Discrimination with the EEOC for claims of discrimination based on disability under the Americans with Disabilities Act and Americans with Disabilities Act Amendments Act. On July 9, 2012, the EEOC issued a right-to-sue.

2. On October 3, 2012, Plaintiff filed an Application under Section 706(f) of the Civil Rights Act of 1964.

3. On October 16, 2012, the Court entered an Order accepting the

1

Application under Section 706(f) of the Civil Rights Act of 1964 as Plaintiff's Complaint.

4. On November 29, 2012, Plaintiff's Complaint was filed, to secure protection of and to redress the deprivation of rights secured by the Americans with Disabilities Act of 1990 ("ADA"), ADA Amendments Act of 2008 ("ADAA"), and retaliation in employment pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964, as amended".

## I.  FACTUAL AVERMENTS

5. On January 11, 1988, the Plaintiff was employed by the Defendant.

6. On April 18, 2010, the Plaintiff was forced on medical leave by his employer, the Defendant. At the time Plaintiff was forced on medical leave, he was employed as a Maintenance Technician Electrical (MTE).

7. At the time of Plaintiff's medical leave, his rate of pay was approximately $10,000 per month, including medical insurance and benefits.

8. On April 21, 2010, after being instructed by the Defendant to see a psychiatrist, Plaintiff was seen by Tony Martin. During that consultation, Plaintiff learned that Tony Martin was a psychologist and not a psychiatrist. Tony Martin referred Plaintiff to his associate psychiatrists. *See* Plaintiff's Affidavit attached as Exhibit A.

9. The USS representative who referred Plaintiff to Dr. Tony Martin was James J. Schenher and Dr. Szabo. *See* attached Exhibit B.

10. Due to the fact that Plaintiff's appointment with the associate psychiatrist was a long time off, Plaintiff, in an attempt to return to work, made an appointment with Dr. Leesha Ellis-Cox, psychiatrist. *See* Plaintiff's Affidavit attached as Exhibit A.

11. On May 4, 2010, Plaintiff had a consultation with Dr. Leesha Ellis-Cox, with Alabama Psychiatric Services. *See* attached Exhibit C.

12. On May 24, 2010, Dr. Leesha Ellis-Cox, with Alabama Psychiatric Services, wrote a letter *releasing* Plaintiff back to work without restrictions. *See* attached Exhibit C.

13. On May 24, 2010, June 8, 2010, July 19, 2010, August 18, 2010, and October 7, 2010 Plaintiff was forced by James Schenher and/or the Defendant to sign medical authorizations allowing Dr. Szabo and/or the Defendant to obtain all of Plaintiff's medical records and psychiatric notes from Dr. Leesha Ellis-Cox, with Alabama Psychiatric Services. *See* attached Exhibit D.

14. Even though the Plaintiff had been released back to work without restrictions by Dr. Leesa Ellis-Cox on June 17, 2010, Dr. Szabo continued to communicate with Dr. Leesa Ellis-Cox regarding Plaintiff's continued treatment. *See*

attached Exhibit E.

15. On or about July 1, 2010, Plaintiff was told by James Schenher and Dave Thompson, Hot Mill Area Coordinator that if Plaintiff wanted to return to work he had to sign a Memorandum of Understanding ("MOU")which stated untruths such as: (1) that Plaintiff had been deemed medically unfit for work, then chose his own medical provider, who conditionally released Plaintiff to work; and (2) "employee's current provider" has developed a long-term treatment plan to address his condition and how he interacts with others in the workplace. *See* attached Exhibits A and F.

16. The Memorandum of Understanding (MOU) states that if the Plaintiff fails to comply with the terms of the MOU, then the Plaintiff would be immediately removed from the plant. *See* attached Exhibit F.

17. On July 29, 2010, Bob Jones, Grievance Committeeman of United Steelworkers Local 1013 wrote a letter on Plaintiff's behalf stating: "As of July 29, 2010, Mr. David Snider has not had any discipline of any sort in the previous three years and to the best of my knowledge has not received any discipline in the last five years for any rules violation. Dr. Cheryl Szabo has had a history of mis-diagnosing employee's that Local 1013 represents and we have a large file of those cases on hand." *See* attached Exhibit G.

18. On September 2, 2010, Plaintiff completed and received a Certificate of

Completion of the anger control training that he was forced to complete by the Defendant. *See* attached Exhibit H.

19. On October 1, 2010, Dr. Leesha Ellis-Cox, with Alabama Psychiatric Services, wrote a second letter releasing Plaintiff back to work without restrictions effective immediately. *See* attached Exhibit I.

20. On October 7, 2010, even after Plaintiff had been released to return to work for the second time, Plaintiff was forced by Jim Schenher to sign a medical authorization allowing Dr. Szabo to obtain all of Plaintiff's medical records and psychiatric notes from Dr. Leesha Ellis-Cox, with Alabama Psychiatric Services. *See* attached Exhibit D.

21. On January 6, 2011, the Defendant's IDM Claims Department wrote a letter to Plaintiff advising him that his "benefits is being denied since there are no indications that you are under the care of a licensed physician, who is certifying you disabled." *See* attached Exhibit J.

22. On January 21, 2011, Jim Schenher wrote a letter to Bob Jones, Chairman of Grievance Committee stating: "If U.S. Steel, The United Steelworker's Union, and Mr. Snider can reach an agreement resolving the current grievances, complaints, and any other charges relating to the events of April 2010, in full and final settlement, then I believe we can resolve this matter and return Mr. Snider to work."

5

*See* attached Exhibit K.

23. On January 31, 2011, Plaintiff is informed that his medical insurance has been cancelled by the Defendant. *See* attached Exhibit A.

24. On February 4, 2011, the Defendant returned Plaintiff to work after being forced to complete a physical exam. *See* attached Exhibit L.

## II. ARGUMENT

A. <u>Plaintiff Has Properly Stated Facts to Show Evidence of Discrimination and Retaliation to Prove a Prima Facie Case.</u>

The pleadings are sufficient to demonstrate an ability to prove a prima facie case of discrimination and retaliation. The Defendant violated the "Americans with Disabilities Act" by discriminating against the Plaintiff based on a perceived disability. A person is regarded as disabled when he (1) has an impairment that does not substantially limit major life activities but is treated by his employer as constituting such limitation; (2) has an impairment that substantially limits major life activities only as a result of the altitudes of others toward such impairment; or (3) has no illness or malady defined by the EEOC, but is treated by his or her employer as having a substantially limiting impairment. A person is regarded as disabled when he (1) has an impairment that does not substantially limit major life activities but is treated by his employer as constituting such limitation; (2) has an impairment that substantially limits major life activities only as a result of the altitudes of others

toward such impairment; or (3) has not illness or malady defined by the EEOC but is treated by his or her employer as having a substantially limiting impairment. Defendant's conduct of perceiving the Plaintiff as disabled proximately caused the Plaintiff to suffer and are continue to suffer embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses.

Additionally, the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by creating or allowing Plaintiff's disability or perception of Plaintiff having a disability to be a determining factor in making retaliatory decisions involving Plaintiff's employment. The Plaintiff was forced on medical leave from April 9, 2010 until February 4, 2011 without cause and in retaliation for his filing a union grievance and EEOC charge of discrimination. Plaintiff was placed on medical leave without pay on April 9, 2010 and required to see a psychiatrist and undergo anger management training. Even after on May 24, 2010, Dr. Leesha Ellis-Cox, with Alabama Psychiatric Services, wrote a letter releasing Plaintiff back to work without restrictions, the Defendant continued the Plaintiff on *involuntary* medical leave without pay.

The assertions by the Defendant that the Plaintiff *voluntarily* applied to the Defendant's Sickness and Accident Benefits ("S&A") is simply untrue. Only after

the Plaintiff was *forced* on medical leave on April 9, 2010 by the Defendant, required to seek psychiatric counseling, and told to apply for S&A did the Plaintiff apply for S&A on May 5, 2010. But for the Plaintiff not being forced on medical leave without pay by the Defendant, the Plaintiff would have never applied for S&A. Further evidence of the Plaintiff's involuntary being placed on medical leave and being forced to apply for S&A, the Plaintiff filed a Charge of Discrimination with the EEOC on August 11, 2010. *See* Plaintiff's Affidavit attached as Exhibit A; Exhibit A to Complaint.

Additionally, contrary to the Defendant's assertions that the only reason the S&A ceased was because Plaintiff failed to provide timely documentation, is again untrue. Inasmuch as, the S&A letter dated January 6, 2011, stated that his benefits were being denied because he was not under the care of a licensed physician, who had certified him as disabled. *See* attached Exhibit J. Of course the S&A were ceased, the Plaintiff was not certified as disabled by a licensed physician because he had been released to return to work.

The Defendant states on Page 2 of their Brief that the Plaintiff "was barred from Fairfield Works and suspended from work". The inference by the Defendant is misleading to the Court. The Plaintiff was not disciplined, i.e. suspended nor barred from the plant for disciplinary reasons. The Plaintiff was placed on medical leave five

days after the Defendant's alleged incident of inappropriate behavior.

    B.    <u>Plaintiff's Complaint Sets Out Claims for Which Relief Can be Granted.</u>

Plaintiff's Complaint consists of seventeen pages of specific facts and instances outlining the discrimination/retaliation for which Plaintiff is entitled to damages. The Defendant cannot dispute that it deemed the Plaintiff as disabled by providing him with S&A. The Defendant cannot dispute that the Plaintiff was released to return to work by a Board Certified Licensed Psychiatrist within one month of being placed on involuntary medical leave. The Defendant cannot dispute that the Plaintiff complied with the mandatory counseling, releasing of medical information, and medical therapy that the Defendant forced him to complete. The Defendant cannot deny that the Plaintiff had an unblemished employment record prior to him being placed on medical leave and since his return to work in February 2011 to the present.

    C.    <u>The Plaintiff has Properly Plead Separate Claims Under the ADA Amendments Act of 2008.</u>

On Page 7 of the Defendant's Brief, the Defendant admits the Plaintiff's claims arose after the ADA Amendments Act of 2008 ("ADAAA") came into effect and, therefore, "the amended provisions of the ADAAA therefore apply". *See* Brief p. 7. Therefore, it is undisputed that the Plaintiff has claims pursuant to the ADAAA. However, the Defendant alleges that based on *Wolfe v. Postmaster Gen., U.S. Postal Serv.,* No. 11-12973, 2012 U.S. App. LEXIS 18510, at *3, the ADAAA did not create

9

a cause of action separate from the ADA. *See* Brief p. 7. Thereby, the Defendant alleges that "Count One and Two of the ADA and of the ADAAA respectively, constitute a single cause of action under the ADA, as amended by the ADAAA". *See* Brief p. 7. The Plaintiff is amiss at this argument. No where in *Wolfe v. Postmaster Gen., U.S. Postal Serv*, does the Eleventh Circuit Court rule that a separate cause of action cannot be brought under the ADAAA. Likewise, the District Court has accepted in other cases individual counts under the ADAAA.

The *Wolfe* decision is noteworthy because the court recognized the full impact that the January 2009 amendments to the ADA have on "regarded as" claims of disability discrimination. *Wolfe* states that all an employee needs to show is that the employer regarded him as being impaired, not that the employer believed the impairment prevented the him from performing a major life activity. Whereas before, proof of a "regarded as claim" was almost impossible due to the "broad class of jobs" requirement. Now, it is virtually a given that an employee can clear the first hurdle; namely, that he has a disability – since that term now only requires proof that the Plaintiff has been regarded by the employer as simply having an impairment. *Wolfe*, No. 11-12973, 2012 U.S. App. LEXIS 18510, at *5.

Therefore, the Plaintiff's separate claim under ADAAA has standing. The Plaintiff can show that the Defendant regarded the Plaintiff as disabled by: (1) forcing

the Plaintiff on medical leave; (2) paying him Sick and Accident Benefits (S&A); (3) forcing the Plaintiff to undergo psychiatric treatment; (4) forcing the Plaintiff to undergo anger counseling; and (5) not allowing the Plaintiff to return to work for over ten months without pay. Clearly, the Plaintiff's working conditions were altered by the Defendant, who regarded the Plaintiff as impaired.

### III. STANDARD OF REVIEW

A.  Motion to Dismiss Standard of Review.

A Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted only if the allegations in the Complaint fail "to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the allegations of claims for relief. The dismissal of a Complaint is warranted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

When ruling on a Motion To Dismiss, a court must view the Complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L.

Ed. 2d 868 (2009). Those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 570). Plaintiff's Complaint states by date specific instances wherein the Plaintiff was discriminated/retaliated against.

Additionally, a civil complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P*. 8(a)(2). "The Rule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 2009 U.S. App. LEXIS 18711 (7th Cir. 2009) (*quoting Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)).

Recently, the Supreme Court has addressed the question of just how short and plain that statement may be. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 1949 (quoting *Twombly,* 550 U.S. at 556, 557, 570) (internal citations and quotation marks omitted).

B.    Summary Judgment Standard of Review In Title VII Cases.

Under Fed. R. Civ. P. 56 (c), summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The initial burden is on the moving party to identify those portions of the record that demonstrate that there is no evidence to support the non-

ovant's case and that, as a matter of law, the moving party must prevail. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 325 (1986). The movant also has the burden of persuasion. This burden is a stringent one which always remains with the moving party. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 330-33; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-61 (1970).

The evidence presented to the court is always construed in favor of the party opposing the motion. *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The court is not to make credibility determinations, weigh evidence, or draw from the facts inferences for the movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The evidence of the non-movant is to be believed and must receive the benefit of the doubt when his assertions conflict with those of the movant. All justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The court may give credence to the evidence supporting the moving party only if that evidence is uncontradicted and unimpeached and comes from disinterested witnesses. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In other words, the court must consider the entire record, but "disregard all evidence favorable to the moving party that the jury is not required to believe." *Thomas v. The Great Atlantic and Pacific Tea Company, Inc.*, 33 F.3d 326 (5th Cir. 2000).

In order to defeat a motion for summary judgment, it is not necessary for the

14

non-moving party to prove its case. A party opposing summary judgment need only point to the existence of a genuine issue of material fact for trial. *Gee v. Principi,* 289 F3d 342, 345 (5th Cir. 2002). "[S]ummary judgment is improper when the plaintiff has advanced enough circumstantial evidence to take her claims out of the realm of 'mere conjecture' and plant them in the solid ground of 'reasonable inference'." *Thomas,* 233 F.3d at 330; *Thornbrough*, 633 F.2d at 641 n.8 (5th Cir. 1985).

Ultimately, a motion for summary judgment should not be granted "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *Gibson v. Henderson*, 129 F.Supp.2d 890, 897 (M.D.N.C. 2001). Disputes over facts that might affect the outcome of the case under the governing law will preclude the entry of summary judgment. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* "[T]he material fact required by Rule 56( c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First *Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968); *Thornbrough v. Columbus and Greenville*

*Railroad Co.*, 633 F.2d 633, 647-648 (5th Cir. 1985) (summary judgment inappropriate where nonmovant had produced a "thin vapor" of evidence sufficient for a reasonable jury to draw a contrary inference sufficient to create a dispute as to a material fact).

"Although summary judgment is a useful device, it must be used cautiously or it may lead to drastic and lethal results." *Murrell v. Bennett*, 615 F.2d 306, 309 (5th Cir. 1980). *See also, Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989); *Printy v. Crochet & Borel Services*, 196 FRD 46, 50 (E.D. Tex. 2000). "In general, summary judgment is an inappropriate tool for resolving claims of employment discrimination, which involve nebulous questions of motivation and intent. . . . Often, motivation and intent can only be proved through circumstantial evidence; determinations regarding motivation and intent depend on complicated inferences from the evidence and are therefore peculiarly within the province of the fact finder.

In reviewing [a case on summary judgment], it is difficult to determine what evidence might legitimately sway the factfinder and hence be material. Thus, if any facts are in dispute, summary judgment is generally inappropriate." *Thornbrough v. Columbus and Greenville R. Co.,* 760 F.2d 633, 640-41 (5th Cir. 1985); *Valle v. Johnson Controls World Services, Inc.*, 957 F.Supp. 1404, 1414 (S.D. Miss 1996). *See, also, Kralman v. Illinois*, 23 F.3d 150 (7th Cir. 1994); *Batey v. Stone*, 24 F.3d

1330 (11th Cir. 1984); *U.S. Postal Service Bd. of Governors v. Aiken*, 460 U.S. 711, 716-717 (1983). Consequently, where an employer's intent, motivation, and state of mind are at issue, summary judgment should be used sparingly.

## IV. CONCLUSION

The Defendant's Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment is due to be denied in its entirety.

Respectfully submitted this the 24th day of January, 2013.

        /s/ Kimberly R. Dodson
        Kimberly R. Dodson; ASB-0487-L58D
        ATTORNEY FOR PLAINTIFF

OF COUNSEL:
LAW OFFICES OF KIMBERLY R. DODSON, LLC
200 Title Building
300 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
(205) 252-2500
KRD@KDODSONLAW.COM

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have on this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy of a copy of same by CM/ECF, and I hereby certify that I have mailed by United States Postal Service the document on non-CM/ECF participants on this the 24th day of January, 2013 on the foregoing:

        William H. Morrow, Esquire
        Lightfoot, Franklin & White, LLC
        The Clark Building
        400 North 20th Street
        Birmingham, AL 35203

        Anthony F. Jeselnik, Esquire
        Law Department of
        United States Steel Corporation
        600 Grant Street, Room 1500
        Pittsburgh, PA 15219-2800

            <u>/s/ Kimberly R. Dodson</u>
            OF COUNSEL